IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:23-cv-02312 |
| v. | ) | |
| | ) | |
| CLEVELAND CITY COUNCIL, *et al.*, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

---

Now come *non sui juris* Defendant Cleveland City Council ("Council") and absolutely immune Defendant Cleveland City Council President Blaine Griffin ("President Griffin"), pursuant to Rule 65 of the Federal Rules of Civil Procedure and this Court's Order dated January 5, 2024 (*Doc. 11*, *PageID # 95*), and respectfully request that this Honorable Court deny the Motion for Preliminary Injunction filed by Plaintiff Chris Martin ("Plaintiff"). (Mot., *Doc. 8*, *PageID # 53-74*).

Respectfully submitted,

MARK D. GRIFFIN (0064141)
Director of Law

By:  *s/ J.R. Russell*
William M. Menzalora (0061136)
James R. Russell, Jr. (0075499)
Chief Assistant Directors of Law
Matthew R. Aumann (0093612)
Assistant Directors of Law

## TABLE OF CONTENTS

Page

STATEMENT OF ISSUES ........................................................................................ iii

TABLE OF AUTHORITIES ....................................................................................... iv

SUMMARY OF ARGUMENT .....................................................................................1

BACKGROUND ...........................................................................................................2

STANDARD OF REVIEW ...........................................................................................3

LAW AND ARGUMENT .............................................................................................4

    Plaintiff is unlikely to succeed on the merits:  ........................................4

    Council is *non sui juris*:  ........................................................................5

    President Griffin is absolutely immune from suit:  ..................................6

    Plaintiff lacks the standing to pursue injunctive relief:  .........................7

    Plaintiff is unlikely to succeed on the merits of any facial challenge to the former policy:  ................................................................................................9

    Addressing individual Council members or other persons:  .................11

    Signs and slogans:  ................................................................................13

    Electioneering and product promotion:  ................................................14

    Indecent or discriminatory remarks:  ....................................................15

    Plaintiff did not demonstrate irreparable harm:  ..................................16

    Interests of others and the broader public interest:  .............................17

CONCLUSION............................................................................................................19

LOCAL RULE CERTIFICATION..............................................................................19

CERTIFICATE OF SERVICE ....................................................................................19

## STATEMENT OF ISSUES

1. A city council, such as Cleveland City Council, is not *sui juris*. Because it is merely a division of the City of Cleveland, is Plaintiff likely to succeed on any claim against Cleveland City Council?

2. Members of the legislature are absolutely immune from any suit relating to legislative action. Is Plaintiff likely to succeed on any claim against Council President Griffin?

3. A plaintiff must demonstrate actual harm or potential harm to have standing to pursue injunctive relief. Can Plaintiff meet this burden where he only alleges one instance of past harm and no potential for likely future harm?

4. Council is not enforcing its former public comment policy as it prepares to enact a new policy. Is Plaintiff likely to succeed on the merits of his claim when the former policy is not a live controversy at issue?

5. The public comment portion of a city council meeting is a limited public forum. Even if the former policy were still at issue, was the old policy a reasonable time, place, and manner regulation narrowly drawn to effectuate a sufficient state interest?

6. A plaintiff cannot establish the harm necessary for injunctive relief when the alleged harm is only speculative or theoretical. Did Plaintiff present sufficient evidence to demonstrate the necessary irreparable harm?

7. Voluntary compliance moots a case when the alleged wrong is not expected to recur. Did Plaintiff present sufficient evidence to justify a judicial intrusion into the political process and the legislative functions of Cleveland City Council?

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page**

*Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 115 S.Ct. 2097 (1995)……………...4

*Already, LLC v. Nike, Inc.*, 568 U.S. 85, 133 S.Ct. 721 (2013)…………………………18

*Ark. Educ. Television Comm'n v. Forbes*, 523 U.S. 666, 118 S.Ct. 1633 (1998)……….10

*Bible Believers v. Wayne County*, 805 F.3d 228 (6th Cir. 2015)………………………...15

*Bogan v. Scott-Harris*, 523 U.S. 44, 118 S.Ct. 966 (1998)………………………………6

*Burniac v. Wells Fargo Bank*, N.A., 810 F.3d 429 6th Cir. 2016)………………………..4

*Carmichael v. City of Cleveland*, 571 Fed. Appx. 426 (6th Cir. 2007)…………………...5

*Christian Legal Soc. Chapter of the Univ. of Cal., Hastings Coll. of the L. v. Martinez*,
561 U.S. 661, 130 S.Ct. 2971 (2010)……………………………………………………10

*City of Cuyahoga Falls v. Robart*, 58 Ohio St. 3d 1, 567 N.E.2d 987 (1991)……………5

*Cleveland v. City of Cocoa Beach*, Fla., 221 Fed. Appx 875 (11th Cir. 2007)………….14

*Doe v. Univ. of Michigan*, 78 F.4th 929 (6th Cir. 2023)…………………………………18

*D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324 (6th Cir. 2019)…………………………...16, 17

*Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673 (1976)……………………………………17

*Fair Elections Ohio v. Husted*, 770 F.3d 456 (6th Cir. 2014)……………………………7

*Grendell v. Ohio Supreme Court*, 252 F.3d 828, (6th Cir. 2001)…………………………7

*Henley v. Cleveland Bd. of Educ.*, 2010 WL 796835 (N.D. Ohio Mar. 3, 2010)…………7

*Ison v. Madison Loc. School Bd.*, 395 F.Supp.3d 923 (S.D. Ohio 2019)……………..7, 17

*Ison v. Madison Loc. Sch. Dist. Bd. of Educ.*, 3 F.4th 887 (6th Cir. 2021)….10, 11, 15, 16

*Lowery v. Jefferson Cnty. Bd. of Educ.*, 586 F.3d 427 (6th Cir. 2009)…………………..10

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130 (1992)…………………..7

*Massachusetts v. Mellon*, 262 U.S. 447, 43 S.Ct. 597 (1923)……………………………7

*McBreairty v. Sch. Bd. of RSU22*, 616 F. Supp.3d 79 (D.C. Me. 2022)………………9, 10

*McNeilly v. Land*, 684 F.3d 611 (6th Cir. 2012)………………………………………………17

*Memphis A. Philip Randolph Inst. v. Hargett*, 978 F.3d 378 (6th Cir. 2020)………..16, 17

*Miller v. Goggin*, 2023 WL 3294832 (E.D. Pa. May 5, 2023)………………………12, 13

*Moms for Liberty - Brevard Cnty., FL v. Brevard Pub. Sch.*,
582 F. Supp. 3d 1214 (M.D. Fla. 2022)…………………………………………………...11, 12

*Moms for Liberty - Brevard Cnty., FL v. Brevard Pub. Sch.*,
2022 WL 17091924 (11th Cir. Nov. 21, 2022)…………………………………..11, 12, 13

*Munaf v. Geren*, 553 U.S. 674, 128 S.Ct. 2207 (2008)……………………………………...4

*Nat'l Credit Union Admin. Bd. v. Jurcevic*, 867 F.3d 616 (6th Cir. 2017)………………..4

*Northern Boiler Co. v. David*, 157 Ohio St. 564,106 N.E.2d 620 (1952)…………...12, 13

*Obama for Am. v. Husted*, 697 F.3d 423 (6th Cir. 2012)………………………………...17

*Perry Educ. Assn v. Perry Loc. Educators' Assn.*, 460 U.S. 37, 103 S.Ct. 948 (1983)….10

*Pinkins v. Mahoning County Task Force*, 2021-Ohio-2414,
176 N.E.3d 76 (Ohio App. 7th Dist.)…………………………………………………………..5

*R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427 (6th Cir. 2005)…………………..6

*S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*,
860 F.3d 844 (6th Cir. 2017)………………………………………………………4, 5, 16

*Seaman Corp. v. Flaherty*, 2020 WL 5223614 (N.D. Ohio Aug. 3, 2020)…………3, 4, 16

*State ex rel. Cleveland Mun. Ct. v. Cleveland City Council*, 34 Ohio St.2d 120,
296 N.E.2d 544 (1973)………………………………………………………………………5

*Steinburg v. Chesterfield Cnty. Plan. Comm'n*, 527 F.3d 377 (4th Cir. 2008)…………..15

*Tyler v. City of Kingston*, 74 F.4th 57 (2d Cir. 2023)………………………………...13, 14

*Urban Necessities 1 Stop Shop, LLC v. City of Cleveland*,
2023 WL 6383825 (N.D. Ohio Sept. 29, 2023)………………………………………...5

*Vaduva v. City of Xenia*, 780 Fed. Appx. 331 (6th Cir. 2019)…………………………6, 7

*Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council*,
425 U.S. 748, 96 S.Ct. 1817 (1976)……………………………………………………..14

*Ward v. Rock Against Racism*, 491 U.S. 781, 109 S.Ct. 2746 (1989)………………...10

*Waskul v. Washtenaw Cty. Cmty. Mental Health*, 900 F.3d 250 (6th Cir. 2018)…………5

*White v. Universal Fidelity, LP*, 793 Fed. Appx. 389 (6th Cir. 2019)………………...18

*Winnett v. Catepillar*, 609 F.3d 404 (6th Cir. 2010)…………………………………...4, 5

*Worthy v. City of Phoenix City, Alabama*, 930 F.3d 1206 (11th Cir. 2019)…………….17

*Youkhanna v. City of Sterling Heights*, 934 F.3d 508 (6th Cir. 2019)………………...10

**Rules**

*Fed.R.Civ.P.65*…………………………………………………………….…...............3

**Statutes**

*42 U.S.C. § 1983*………………………………………………………………………..5, 6

**Other Sources**

*Black's Law Dictionary*, (7th ed. 2000)……………………………………………15

## <u>MEMORANDUM AND POINTS OF AUTHORITY IN OPPOSITION</u>

**I.      SUMMARY OF ARGUMENT**

Plaintiff did not engage in public comment at a council meeting in months. He failed to register as a speaker for the most recent meeting. (*Declaration of Mazzolini*, ¶ 10-11). Now, he asks this Court for injunctive relief. There is no emergency here and no need for a Court Order. The questioned policy is no longer at issue. And even if it were at issue, Plaintiff's declaration fails to state that he will appear at any upcoming meeting. Plaintiff cannot obtain the requested injunctive relief against Council and the President as a matter of law. Plaintiff therefore lacks standing and the claims are moot.

But even without these issues, Plaintiff still loses. The old policy was not facially unconstitutional. A city council meeting is a limited public forum. Council may enact policies that provide for reasonable time, place, and manner regulations or certain content-based prohibitions that are narrowly drawn to effectuate a sufficient governmental interest. The old policy meets this test. Plaintiff cannot demonstrate a likelihood of success or irreparable harm for injunctive relief to be granted.

The interests of others, such as the citizens of the City who elected legislators to adopt policies and legislation, have an interest in their legislature resolving political questions without interference from the judiciary. Plaintiff's interest in changing a moot question does not outweigh these interests.

For these reasons and those discussed below, this Court should preserve the separation of powers, allow Council to maintain the status quo, and deny the requested preliminary injunction.

1

## II.      BACKGROUND

Council set aside a portion of regular meetings for public comment in 2021. (Compl., *Doc. 1*, *PageID # 4*). Council adopted Public Comment Policies on September 20, 2021. (*Id.*, *Exhibit 2*). Since Council amended its rules to allow public comment, Plaintiff alleges he appeared before Council to make public comment on multiple occasions. (*Id.*). There is only evidence of this happening once recently.

On Monday, September 25, 2023, Plaintiff submitted a form to Council to request an opportunity to speak during a public comment period. (*Doc. 1*, *PageID # 5*; Martin Decl., ¶ 5, *Doc. 8-1, PageID # 76*). Plaintiff wished to make public comment on "matters of public concern." (*Id.*). President Griffin asked public commenters not to "impugn" the character of others in the audience. (*Id.*).

During the public comment session, President Griffin believed that Plaintiff was about to violate certain Public Comment Policies. (*Id.*, *PageID # 6*). President Griffin asked Plaintiff to, "Please proceed" without violating the rules of decorum. (*Id.*, *PageID # 7*). Plaintiff indicated that he would oblige. (*Id.*).  Council charged President Griffin with the authority to "maintain order and preside over the Public Comment period according to these Procedures for Public Comment and the Rules of Council." (*PageID # 35*).  President Griffin believed that Plaintiff was not honoring his request to abide by proper decorum. (*Id.*). Council turned off Plaintiff's microphone in response. (*Id.*). President Griffin repeatedly said, "Thank you, sir" to Plaintiff. (*Id.*, *PageID # 8*). Plaintiff has not appeared before Council since that date. This includes Council meetings on October 2, 2023, October 9, 2023, October 16, 2023, October 23, 2023, October 30, 2023, November 11, 2023, November 20, 2023, November 27, 2023, December 4, 2023, and January 8, 2024.

On October 6, 2023, Plaintiff's counsel raised concerns to the City Law Department about the Policies. (*Id.*, *PageID # 9*). The City informed Plaintiff that Council will not enforce the Public Comment Policies as written. (*Id.*). Plaintiff agrees Council will not be enforcing the policies he claims to be unconstitutional. (*Doc. 8*, *PageID # 72*). Specifically, he concedes the City of Cleveland will only enforce the "pre-registration requirement, the limit of ten (10) public commenters, and the 3-minute time limitation . . . ." (*Id.*).

Plaintiff failed to register to participate in public comment since September 26, 2023. (*Declaration of Mazzolini*, ¶ 13). He did not register on-line or in person. (*Id.*, ¶ 10). Plaintiff did not present any evidence that he intends to participate in public comment in upcoming meetings, especially considering he missed the last ten regular meetings. (Martin Decl., *Doc. 8-1*, *PageID # 82*). He failed to register for public comment for past or upcoming sessions. (*See Id.*).

The former Public Comment Policy was removed from Council's website. (*Declaration of Mazzolini*, ¶ 10-11). The former policy is not distributed to speakers before meetings. (*Id.*, ¶ 15). The on-line portal for registering for public comment no longer references the former policy. (*Id.*). Plaintiff filed a request for injunctive relief although he concedes in his Complaint and Motion that the provisions he challenges here are no longer enforced and knows Council will likely consider a new Public Comment Policy on January 22, 2024. (*Doc. 8*, *PageID # 71*).

## III.     STANDARD OF REVIEW

The purpose of temporary restraining orders and injunctive relief in general are to "maintain the status quo pending a final hearing regarding the parties' rights." *Seaman Corp. v. Flaherty*, No. 5:20-CV-443, 2020 WL 5223614, at *3 (N.D. Ohio Aug. 3, 2020)

3

(citing *Burniac v. Wells Fargo Bank*, N.A., 810 F.3d 429, 435 (6th Cir. 2016)); *see also S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-849 (6th Cir. 2017). These extraordinary and drastic remedies are never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-690, 128 S.Ct. 2207 (2008). *See Fed.R.Civ.P.65(a)(2).*

A preliminary injunction cannot be issued based on past harm alone. *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 210-211, 115 S.Ct. 2097 (1995). In determining these requests, a plaintiff must show that he is entitled to relief by a balancing four factors:

> (1) likelihood of success on the merits; (2) irreparable harm absent injunctive relief; (3) substantial harm to others from the proposed injunction; and (4) the broader public interest.

*Seaman Corp.*, 2020 WL 5223614, at *3 (citing *Nat'l Credit Union Admin. Bd. v. Jurcevic*, 867 F.3d 616, 622 (6th Cir. 2017)). Injunctive relief based on an alleged past harm is precisely what Plaintiff seeks in this case.

## IV.     LAW AND ARGUMENT

This Court should deny the request for injunctive relief because Plaintiff is unlikely to succeed on the merits. Additionally, Plaintiff failed to demonstrate irreparable harm and his requested relief would alter the status quo rather than preserving it.

### A.  Plaintiff is unlikely to succeed on the merits.

To be sure, the Sixth Circuit cautioned that there are four factors to balance. *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co., supra.*, 860 F.3d 844, 849. However, the Court also held that injunctive relief should not be issued "where there is simply no likelihood of success on the merits . . . ." *Id.* (quoting *Winnett v. Catepillar,*

4

609 F.3d 404, 408 (6th Cir. 2010)). Success on the merits encompasses not only on "substantive theories" but also in "establishing jurisdiction" and "standing." *Waskul v. Washtenaw Cty. Cmty. Mental Health*, 900 F.3d 250, 256 n.4 (6th Cir. 2018) ("affirmative burden of showing a likelihood of success on the merits…necessarily includes a likelihood of the court's *reaching* the merits") (citations omitted).

In this case, Plaintiff "seeks damages for Defendants' violations of Mr. Martin's First Amendment rights, to end ongoing constitutional violations and for other relief as described below." (*Doc. 1*, *PageID # 2*). Plaintiff's "Complaint is brought under 42 U.S.C. § 1983 and the First and Fourteenth Amendments of the U.S. Constitution." *Id.* Plaintiff is unlikely to succeed on his claims against these Defendants as a matter of law.

### 1.  Council is *non sui juris.*

Cleveland City Council, like other city councils in Ohio, is not *sui juris*. *State ex rel. Cleveland Mun. Ct. v. Cleveland City Council*, 34 Ohio St.2d 120, 122, 296 N.E.2d 544, 547 (1973) ("[T]he Cleveland City Council likewise is not *sui juris* and, absent statutory authority it cannot sue or be sued as such."); *City of Cuyahoga Falls v. Robart*, 58 Ohio St. 3d 1, 6, 567 N.E.2d 987, 992 (1991) ("A city council is not *sui juris* and therefore cannot sue or be sued in its own right, absent statutory authority."); *see also Urb. Necessities 1 Stop Shop, LLC v. City of Cleveland*, No. 1:22 CV 2014, 2023 WL 6383825, *2 (N.D. Ohio Sept. 29, 2023) (citing *Carmichael v. City of Cleveland*, 571 Fed. Appx. 426, 435 (6th Cir. 2007)) (departments and division of Cleveland are not *sui juris*). In such cases, a trial court errs in not dismissing these claims against departments or divisions. *Pinkins v. Mahoning County Task Force*, 2021-Ohio-2414, 176 N.E.3d 76, 80, ¶ 21-23 (Ohio App. 7th Dist.).

Because Plaintiff cannot maintain any claims against Council, this Court should deny the motion for a preliminary injunction.

### 2. President Griffin is absolutely immune from suit.

The Supreme Court made clear that the law extends the "venerable tradition" to local legislators of absolute immunity "from suit under § 1983 for their legislative activities." *Bogan v. Scott-Harris*, 523 U.S. 44, 49, 118 S.Ct. 966 (1998). "The rationales for according absolute immunity to federal, state, and regional legislators apply with equal force to local legislators." *Id.*, 523 U.S. at 52. The "exercise of legislative discretion should not be inhibited by judicial interference or distorted by the fear of personal liability." *Id.*

Generally, individual city council members should be dismissed as parties to a § 1983 action. *R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 438 (6th Cir. 2005) (claims were properly dismissed pursuant to absolute immunity where the actions plaintiff "alleged that the individual city council members undertook relevant to its complaint were legislative actions."). The immunity "attaches to all actions taken in the sphere of legitimate legislative activity." *Id.* (quoted by *Vaduva v. City of Xenia*, 780 Fed. Appx. 331, 335 (6th Cir. 2019) (city council defendants were entitled to legislative immunity against the plaintiff's claims).

President Griffin is immune from any liability or claims filed by Plaintiff. He is absolutely immune. Therefore, this Court should deny the preliminary injunction because Plaintiff cannot maintain his claims against President Griffin.

### 3.  Plaintiff lacks the standing to pursue injunctive relief.

To establish standing for a constitutional violation, a plaintiff must establish, "1) an injury that is 2) fairly traceable to the defendant's allegedly unlawful conduct, and 3) likely be redressed by the requested relief." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S. Ct. 2130 (1992). In order to properly invoke federal jurisdiction, a plaintiff must allege a case and controversy that he "sustained or is immediately in danger of sustaining some direct injury as a result of its enforcement, and not merely that [s]he suffers in some indefinite way in common with people generally." *Vaduva, supra.*, 780 Fed. Appx. 331, 338 (6th Cir. 2019) (quoting *Massachusetts v. Mellon*, 262 U.S. 447, 488, 43 S.Ct. 597 (1923)).

A plaintiff who has standing to bring a damages claim does not necessarily have standing to bring a claim for injunctive relief or a claim for declaratory relief. *Fair Elections Ohio v. Husted*, 770 F.3d 456, 460 n.1 (6th Cir. 2014). A plaintiff who seeks injunctive or declaratory relief must show "actual present harm or a significant possibility of future harm." *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 833 (6th Cir. 2001). A plaintiff lacks standing, for example, when a declaration fails to indicate that he will be impacted by the challenged public meeting policy. *Ison v. Madison Loc. School Bd.*, 395 F.Supp.3d 923, 932 (S.D. Ohio 2019). These sorts of challenges, courts recognize, are generalized grievances rather than the direct and personal outcome required for injunctive relief. *Henley v. Cleveland Bd. of Educ.*, No. 1:10CV0431, 2010 WL 796835, at *2 (N.D. Ohio Mar. 3, 2010) (because plaintiff could not articulate how he would be personally affected by the allegedly unconstitutional action, he could not establish the personal sake necessary for injunctive relief).

Here, Plaintiff lacks standing so this Court should deny the request for injunctive relief. Initially, the challenged policy is no longer in effect so Plaintiff lacks standing. The City informed Plaintiff that it will not enforce the Public Comment Policies, other than requiring speakers to submit a registration form and only address the topic for which they registered to speak. (*Id.*). Plaintiff agrees Council will not be enforcing the policies he claims to be unconstitutional. (Mot., *Doc. 8*, *PageID # 72).* Specifically, he concedes the City of Cleveland will only enforce the "pre-registration requirement, the limit of ten (10) public commenters, and the 3-minute time limitation . . . ." (*Id.*). Because Plaintiff challenges only the policy portions that are no longer in effect, Plaintiff lacks standing to challenge it now.

However, even if the old policy were in place, Plaintiff failed to show that it would apply to him at any upcoming Cleveland Council meeting. Council's next regular public meeting is on January 22, 2024.[1] Plaintiff put forward no evidence that he intends to speak at the meeting. (*See* Martin Decl., ¶ 38, *Doc. 8-1, PageID # 82).* Rather than say he intends to register to speak at any meeting, he goes only as far as intending to "continue making public comment at Cleveland City Council Meetings . . . ." (*Id.*). This falls short of demonstrating that Plaintiff will suffer a particularized injury moving forward. Despite his claim that Plaintiff may "continue making" statements—Plaintiff failed to register to speak at the nine Council meetings since September 25, 2023. So why would any other meeting be different? He cannot say.

---

[1]     Cleveland City Council had regular meetings on non-holiday Monday evenings. A calendar for Council's regular meetings can be found here: https://cityofcleveland.legistar.com/Calendar.aspx?G=2EB18EF1-2C21-4D1D-85C9-B38100AB8FFD

Plaintiff also failed take other action to demonstrate that he intended to speak. The Parties agree that there is a pre-registration process. (*See* Procedures for Public Comment, *Doc. 1-2, PageID # 34*). He did not follow that process—even as recently for the January 8, 2024 City Council meeting. (*See Declaration of Mazzolini*). And even for that meeting, he only asked for the names of those who registered to speak, not to speak himself. (*Declaration of Mazzolini*, ¶ 13).

Significantly, the rules place a cap on 10 speakers per meeting. (*Declaration of Mazzolini*, ¶ 5-9). Plaintiff was not one of these registered speakers—and has not been September. Thus, even if Plaintiff wanted to speak (and it is certainly unclear that he does), he may not have registered in time. This is important because the 10 speaking slots usually fill up within a few minutes. (*Id.*, ¶ 5-9).

Plaintiff also fails to indicate *what* he is going to say should he register for public comment at an upcoming meeting and how the former policy would affect his speech. He fails to say, for example, what discriminatory language he would prefer to use. Or, as another example, what product he would like to endorse. These shortcomings also show that Plaintiff lacks the particularized injury that Article III requires.

Because Plaintiff cannot show that old policy will be applied against him at any upcoming Cleveland Council meeting, or even that he will speak at all, this Court should deny the requested injunctive relief.

### B.  Plaintiff is unlikely to succeed on the merits of any facial challenge to the former policy.

Even if Plaintiff could proceed with his case on the merits against Council and President Griffin, the former policy is facially constitutional. Thus, he is unlikely to succeed on the merits of his claims.

Designated public forums consist of "public property which the state has opened for use by the public as a place for expressive activity." *McBreairty v. Sch. Bd. of RSU22*, 616 F. Supp.3d 79, 91 (D.C. Me. 2022) (quoting *Perry Educ. Ass'n v. Perry Loc. Educators' Assn.*, 460 U.S. 37, 45, 103 S.Ct. 948 (1983)). In limited public forums, the public property is open but limited to certain groups or dedicated solely to the discussion of certain subjects. *Id.* (citing *Christian Legal Soc. Chapter of the Univ. of Cal., Hastings Coll. of the L. v. Martinez*, 561 U.S. 661, 679, 130 S.Ct. 2971 (2010)).

"Reasonable time, place and manner regulations are permissible, and a content-based prohibition must be narrowly drawn to effectuate a compelling state interest." *Perry, supra.*, 460 U.S. at 46; *Ward v. Rock Against Racism*, 491 U.S. 781, 791, 109 S.Ct. 2746 (1989) (a policy that serves a purpose unrelated to the content of expression are property "even if it has an incidental effect on some speakers or messages but not others."). The rules should encourage the government to open its property to some expressive activity, but also recognize that if faced with "an all-or-nothing choice, it might not open the property at all." *Ark. Educ. Television Comm'n v. Forbes*, 523 U.S. 666, 680, 118 S.Ct. 1633 (1998).

The public comment portion of a city council meeting is a designated and limited public forum. *Youkhanna v. City of Sterling Heights*, 934 F.3d 508, 519 (6th Cir. 2019). Courts recognize that "unstructured, chaotic" meetings would be "inefficient" and could also "deny other citizens the chance to make their voices heard." *Lowery v. Jefferson Cnty. Bd. of Educ.*, 586 F.3d 427, 433 (6th Cir. 2009). The Sixth Circuit permitted policies that maintain the "reasonable decorum" of the meeting. *Ison v. Madison Loc. Sch. Dist. Bd. of Educ.*, 3 F.4th 887, 896-897 (6th Cir. 2021) (facial challenge to

10

preregistration requirements fail). Because, on its face, the former policy regulates decorum and nothing more, this Court should deny the preliminary injunction. The former policy facially was a means of maintaining decorum at a public meeting.

Plaintiff cannot challenge the pre-registration requirements and limits on 10 speakers per meeting. (*Declaration of Mazzolini*, ¶ 5-9). Plaintiff identifies the portions of the old policy as potentially troublesome:

- "addressing any individual council member or other person" (Mot., *Doc. 8, PageID # 63*);

- "Signs, posters, banners, placards and similar items" (*Id.*, *PageID # 67*);

- "electioneering for any candidate or any specific ballot issue" (*Id.*, *PageID # 63*);

- "endorsing or promoting any product or service." (*Id.*);

- "Indecent or discriminatory language" (*Id.*, *PageID # 64*); and

- "Visible logos, slogans, messages, words" (*Id.*).

Even if the old policy were somehow revived, Plaintiff cannot demonstrate a likelihood of success on a facial challenge.

**1. Addressing individual Council members or other persons.**

Because a policy directing comments to the entity are constitutional, this Court should deny the preliminary injunction. Courts have upheld policies that limit the direction of comments, such as the chairperson. *Moms for Liberty - Brevard Cnty., FL v. Brevard Pub. Sch.*, 582 F. Supp. 3d 1214, 1217 (M.D. Fla. 2022) (*aff'd*, No. 22-10297,

2022 WL 17091924 (11th Cir. Nov. 21, 2022)); *Miller v. Goggin*, No. CV 22-3329-KSM, 2023 WL 3294832, at *12 (E.D. Pa. May 5, 2023).

In *Moms for Liberty*, for example, the District Court denied a requested preliminary injunction for a policy that required "all statements at Board meetings to be directed to the Board's chair, not individual board members." *Id.*, 582 F. Supp.3d at 1217-1218. The Court found this policy not only maintained the decorum of the meeting, but found that the "requirement to address the chair also encourages, rather than chills," the freedom of speech "because it 'turns down the heat' and 'gives people a sense of fairness' in hearing all viewpoints." *Id.*, n.7; *see also Miller, supra.*, 2023 WL 3294832, at *12 (upholding policy requiring that comments be addressed to the chair).

Here, Council's former policy that a speaker shall "address the Council as a body and may not address any individual council member or other person" is facially constitutional so this Court should deny the preliminary injunction. (Compl., Ex. 2, *Doc. 1-2*, *PageID # 34*). This exact language was upheld by other courts, including recently in the Eleventh Circuit. That is because a determination of whom is addressed, rather than what is said, is both content and viewpoint neutral.  Moreover, this limitation encourages speech because it turns down the temperature of an exchange. It also makes sense that one must address the entire body as only the body as a whole can act. Therefore, this Court should find that this policy is facially constitutional.

Plaintiff's argument otherwise is unpersuasive. (Mot., *Doc. 8*, *PageID # 65*). He argues that the names of council members are necessary because it difficult to speak because council members are "responsible for formulating and executing district policies." (*Id.*). This is wrong. As a matter of law, a city council speaks through its body,

not its members. *Northern Boiler Co. v. David*, 157 Ohio St. 564, 570 106 N.E.2d 620 (1952). There is no need to address individual members.

Plaintiff then argues that this limitation interferes with speaking about council members. This is wrong too. The policy, on its face, concerns addressing members of council, not speaking about them; limiting how council members are addressed has been upheld by multiple courts. *See, e.g.*, *Moms for Liberty - Brevard Cnty.*, 2022 WL 17091924 (11th Cir. Nov. 21, 2022); *Miller*, 2023 WL 3294832, at *12 (E.D. Pa. May 5, 2023). For these reasons, this Court should deny the preliminary injunction.

**2. Signs and slogans.**

This Court should deny the preliminary injunction because Council may constitutionally limit signs and slogans during its comment period. *Tyler v. City of Kingston*, 74 F.4th 57, 64–65 (2d Cir. 2023). In *Tyler*, the Second Circuit concluded that a regulation prohibiting signs passed constitutional muster. *Tyler, Id.*, 74 F.4th at 64. A sign prohibition keeps "the tenor of Common Council meetings from devolving into a picketing session inside City Hall." (*Id.*) (cleaned up quote). The Court reasoned that keeping out signs was a reasonable limitation to maintain the decorum. *Id.* at 65. More importantly, a city council may limit *how* messages are delivered at the public comment period by creating a limited public forum for speaking but not for sign holding. *Id.* at 63.

Here, Council's old policies of limiting signs, slogans, and non-verbal speech is facially constitutional. The Parties agree that Council created a limited public forum for making a public comment during a council meeting. (Compl., Ex. 2, *Doc. 1-2*). This is accomplished by verbally making a statement at the meeting. (*Id.*). Council did not create meetings open to all signs or other expressions. (*See id.*). As explained by the Second

13

Circuit in *Tyler*, this was not required; a limited public forum for one type of speech does not create a limited public forum for all speech. As a result, a public body properly restricts the use of signs and other slogans, especially considering that these other expressions can disrupt the decorum of the meeting.

Plaintiff argues that signs of any kind must be allowed. (Mot., *Doc. 8*, *PageID # 67*). Not true. City Council may define the parameters of the public forum it creates. In this case, it provides for verbal statements but not signs. This ensures, for example, that signs do not block the proceedings, sight lines from those attending the meeting (in-person or virtually), and maintain the civility of the discourse.

### 3. Electioneering and product promotion.

This Court should deny the preliminary injunction because Council may prohibit election-related speech and signs. *Cleveland v. City of Cocoa Beach*, Fla., 221 Fed. Appx 875, 879 (11th Cir. 2007). The Eleventh Circuit upheld the finding that the city council meeting was a limited public forum were subjects were limited to city business in that case. *Id.* at 878. The Court upheld a city's "prohibition against the display of campaign messages" at public meetings. *Id.* at 878. The Court reasoned that the "campaign-free zone" was constitutional because it limited "political influence on its employees and conducting orderly and efficient meetings." *Id.* at 879. *See also Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council*, 425 U.S. 748, 771, 96 S.Ct. 1817 (1976) (courts regularly approve of time, manner, and place restrictions for commercial speech).

Here, Council's old policy regarding electioneering and product promotion constitutionally preserved the decorum of council meetings. As found by the Eleventh

Circuit, the former policy prohibiting election-related speech preserved the decorum of the meeting, and limited the political influence on employees. (*See* Compl., Ex. 2, *Doc. 1-2*, *PageID # 34*). Plaintiff argues the policy is impermissible because it prohibits electioneering for candidates or issues but not against them. (Mot., *Doc. 8*, *PageID # 63*). This is a red herring. The former policy is a prohibition on all election-related speech rather than allowing positive but not negative comments. It is unclear how this would be even possible, as comments *against* a candidate, for example, are just comments *for* another candidate but in reverse. The policy does not require the absurd result promoted by Plaintiff.

### 4. Indecent or discriminatory remarks.

Because indecent and discriminatory remarks are personal attacks, this Court should deny the preliminary injunction. *See, e.g*., *Steinburg v. Chesterfield Cnty. Plan. Comm'n*, 527 F.3d 377, 387 (4th Cir. 2008). Circuit courts have found that a policy that prohibits "personal attacks" is "not facially unconstitutional insofar as it is adopted and employed to serve the legitimate public interest in a limited forum of decorum and order." *Id.* (citation omitted). The Sixth Circuit made an observation, "Suffice it to say that speaking out in opposition to an idea may be offensive but is easily distinguishable from a personal attack." *Ison, supra.*, 3 F.4th 887, 894, n.1 (6th Cir. 2021) (citing *Bible Believers v. Wayne County*, 805 F.3d 228, 246–47 (6th Cir. 2015)). Maintaining decorum, including a prohibition on personal attacks, provides greater First Amendment protections for all. *See id.*

Here, Council's prohibition on "indecent or discriminatory language" in the former policy is facially constitutional as it prohibits personal attacks. (Compl., Ex., 2,

*Doc. 1-2*, *PageID # 34*). Indecent or discriminatory language is language based on a person's characteristics. In other words, the denial of "privileges to a certain class because of race, age, sex, nationality religion, or handicap." *Discrimination*, *Black's Law Dictionary*, (7th ed. 2000). Such language violates the reasonable decorum required conduct orderly and efficient execution of government business.

Plaintiff argues that the policy terms "indecent" and "discriminatory" facially violated the First Amendment, and relies on *Ison* in support. (Mot., *Doc. 8*, *PageID # 64*). As the Sixth Circuit explained in *Ison*, "reasonable decorum" is a permissible limitation. *Ison, supra.*, 3 F.4th at 897. This is true for limits on personal attacks. *Id.* at n.1. A limit on indecent and discriminatory language is a limit to maintain reasonable decorum. Both of these categories, by definition, are attacks on a person's protected characteristics that subverts any decorum. Moreover, these terms in the former policy are significantly narrower than "abusive" and "antagonistic," which could broadly encroach on the content of speech.

Because the prohibition on indecent and discriminatory remarks prohibits personal attacks, the policy is facially constitutional and this Court should deny the preliminary injunction. Therefore, this Court should deny the preliminary injunction.

### C.  Plaintiff did not demonstrate irreparable harm.

In order to establish the second factor, the plaintiff must demonstrate irreparable harm should the Court fail to grant her motion. *Seaman Corp., supra.*, 2020 WL 5223614, at *3 (citing *S. Glazer's Distributors of Ohio, supra.*, 860 F.3d at 849). Turning to irreparable harm, "an injury must be both certain and immediate, not speculative or theoretical." *Memphis A. Philip Randolph Inst. v. Hargett*, 978 F.3d 378, 391 (6th Cir.

16

2020) (cleaned up quote of *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 326-327 (6th Cir. 2019)).

"Irreparable harm is an 'indispensable' requirement for a preliminary injunction, and 'even the strongest showing' on the other factors cannot justify a preliminary injunction if there is no 'imminent and irreparable injury.'" *Id.* ("plaintiffs are not facing a certain and immediate risk of harm."). *See McNeilly v. Land*, 684 F.3d 611, 620-621 (6th Cir. 2012) (plaintiff did not show that he would suffer irreparable harm to important rights without injunctive relief); *see also Ison,* 395 F.Supp.3d at 935 (a policy designed to assure that the regular agenda is completed efficiently is content-neutral and do not impact an individual's proposed speech); *Worthy v. City of Phoenix City, Alabama*, 930 F.3d 1206, 1215 (11th Cir. 2019) (plaintiff did not have standing to seek injunctive relief because they did not sufficiently allege that there is a substantial likelihood that they will suffer a future injury from the ordinance). *Cf. Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012) (restriction on right to vote); *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976) (discharge for exercising First Amendment right was threatened or occurring to group).

Plaintiff cannot show that he needs an order to maintain the status quo, let alone that he will suffer irreparable harm absent injunctive relief. As mentioned, there is no evidence that Plaintiff intends to appear before Council. (Mot., *Doc. 8, PageID # 72*; Martin Decl., ¶ 31 and 38, *Doc. 8-1*, *PageID # 82*). He failed to do so for several months now. Even if he did, the City agreed that it will not enforce the former Public Comment Policies, other than the "pre-registration requirement, the limit of ten (10) public commenters, and the 3-minute time limitation . . . ." (*Id.*). The City made this change

months before it Stipulated to a Temporary Restraining Order that reflected its current activities. Plaintiff never claimed these particular registration procedures currently enforced to be unconstitutional. Therefore, an order granting injunctive relief is completely unnecessary in this situation.

### D.  Interests of others and the broader public interest.

Finally, Plaintiff's claims for injunctive relief are moot in this case. Voluntary compliance moots a case when it is clear the allegedly wrongful behavior is not reasonably expected to recur. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S.Ct. 721 (2013) (cited by *White v. Universal Fidelity, LP*, 793 Fed. Appx. 389, 395 (6th Cir. 2019)). The Sixth Circuit found that based on the reasoning in *Already*, the district court properly found that the defendant's voluntary position mooted the case because the plaintiff could not demonstrate a reasonable expectation that he will be subjected to the same allegedly improper action. *White*, 793 Fed. Appx. at 395-396; *see also Doe v. Univ. of Michigan*, 78 F.4th 929, 955 (6th Cir. 2023).

Plaintiff cannot demonstrate that he will be subjected to an allegedly unconstitutional policy when there is an admission that Council will not be enforcing the policy. (Mot., *Doc. 8, PageID # 72*). Council is not enforcing the challenged policy now and anticipates memorializing a new more complete policy in the future. (Compl., *Doc. 1, PageID # 10*).

The citizens of the City have an interest in permitting Council to consider a new policy unfettered by judicial involvement. This is especially true as Plaintiff's claim for injunctive relief is moot. Plaintiff's request for injunctive relief does not maintain the status quo. The status quo even without any orders of this Court is that the City does not enforcing the questioned policy as it considers the merits of a revised policy.

18

## V.    CONCLUSION

For all these reasons, this Court should deny any request for injunctive relief.

Respectfully submitted,

MARK D. GRIFFIN (0064141)
Director of Law

By:    *s/ J.R. Russell*
William M. Menzalora (0061136)
Chief Assistant Director of Law
James R. Russell, Jr. (0075499)
Chief Assistant Director of Law
Matthew R. Aumann (0093612)
Assistant Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
Tel: (216) 664-2800
Fax: (216) 664-2603
WMenzalora@clevelandohio.gov
JRussell2@clevelandohio.gov
MAumann@clevelandohio.gov
*Attorneys for Defendants*

## LOCAL RULE CERTIFICATION

This case is currently assigned to the standard track.  The Memorandum conforms to the page limitations in compliance with Local Rule 7.1.

*/s/ J.R. Russell*
James R. Russell, Jr. (0075499)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was filed electronically on the 16th day of January, 2024.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ J.R. Russell.*
James R. Russell, Jr. (0075499)

19