IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHRIS MARTIN,<br>  *Plaintiff,*<br>v.<br>CLEVELAND CITY COUNCIL, *et al.*,<br>  *Defendants.* | Case No. 1:23-CV-2312<br>Judge Charles Esque Fleming<br><br>**JOINT STATUS REPORT** |

  The parties, as required by this Court's January 25, 2024 non-document order, provide a joint status report to this Court. As discussed below, the underlying litigation has been resolved, except as it relates to attorneys' fees and costs.

**Background**

  On December 20, 2023, Plaintiff Chris Martin ("Plaintiff") moved for a temporary restraining order and preliminary injunction against Defendants' enforcement of its public comment policies (adopted in September 2021). The parties agreed to a stipulated temporary restraining order, entered by this Court on January 5, 2024, enjoining Defendants from enforcing the September 2021 public comment policies with three exceptions. Since then, the parties have fully briefed Plaintiff's motion for preliminary injunction.

  The parties filed the previous Joint Status Report on January 24, 2024. In it, the parties agreed to discuss resolving the dispute and provide an update to this Court.

**Litigation Update**

  On January 23, 2024, pursuant to Fed. R. Civ. P. 68, the City of Cleveland made an Offer of Judgment ("Offer") that excluded attorneys' fees, expenses, and costs related to the Plaintiff's claim on the date of the offer. Under the Offer, "[t]he reasonableness and appropriate amount of

1

any claimed costs and attorneys' fees will be determined by the Court in a hearing after acceptance of this Offer of Judgment by Plaintiff."

On February 6, 2024, Plaintiff accepted the Offer and stipulated to a voluntary dismissal with prejudice against the Defendants ("Acceptance"). Both the Offer and Acceptance will be filed with this Court and represent the full terms of the agreement.

### Next Steps

The parties agree that preliminary injunction hearing is no longer necessary. The only remaining issue in this litigation concerns attorneys' fees and costs. The parties have agreed to discuss a resolution of this issue too. Still, a resolution may not be possible. The parties disagree on the best path forward.

**Defendants/Cleveland's Proposal:**

Plaintiff's counsel represented that an extraordinarily high amount for fees and costs had been incurred before even filing the Reply. Given this substantial sum, and because no discovery has taken place so far, Defendants/Cleveland propose limited discovery solely as it relates to attorneys' fees and costs. This discovery is needed to defend against any motion and hearing for fees and costs. At this point, Defendants have not issued discovery requests related to fees and costs, and only informally specifically requested invoices. Some non-exhaustive examples of proper potential discovery topics were also suggested to Plaintiff's counsel.

Defendants/Cleveland also propose that this limited discovery be expedited, and this Court order the parties to respond to discovery requests within 21 days of proper service.

Defendants/Cleveland additionally propose staying all motion practice until permitted by this Court. This will allow time for the limited and expedited discovery and for the parties to engage in further settlement discussions.

2

Defendants/Cleveland finally propose a status conference with this Court approximately 30 days from today to discuss, among other things, resolution or a briefing schedule.

**Plaintiff's Proposal:**

In accordance with the parties' agreement to seek a resolution of the attorneys' fee issue before requesting the Court's involvement, Plaintiff intends to engage in good faith negotiations with Defendants before filing a fee motion. If the parties are unable to reach a resolution of this issue, Plaintiff proposes that he will file a motion for reasonable attorneys' fees and costs and request a hearing with the Court, as specifically contemplated in the Offer. In that motion, Plaintiff will seek to meet his burden to show the reasonableness of the requested fees by disclosing counsel's hours and rates. Pursuant to Fed. R. Civ. P. 54(d)(2)(B)(i), which provides that a "claim for attorney's fees . . . must be filed no later than 14 days after the entry of judgment," Plaintiff proposes that he file his fee motion on or before the 14th day after the clerk enters judgment for Plaintiff in accordance with the terms of the Offer and Acceptance.

In this joint status report, Defendants propose that this Court authorize discovery as it relates to attorneys' fees and costs and stay all motion practice. Plaintiff maintains that requests to authorize post-judgment discovery and to stay the filing of motions otherwise allowed by the Federal Rules of Civil Procedure require a written motion before this Court; Plaintiff asks for an opportunity to file written opposition to any such filed motions. Because Defendants include these requests in a joint status report, Plaintiff briefly provides Plaintiff's position.

As to Defendants' request that this Court authorize discovery, Plaintiff maintains that discovery is not necessary or proper at this juncture and will only serve to delay resolution of this litigation. Plaintiff will disclose counsel's hours and rates to Defendants pursuant to negotiation of this issue, as well as include that information in any fee motion that becomes necessary.

Plaintiff has asked Defendants what information they are seeking in discovery. In response, Defendants suggest that, in addition to counsel's hours and rates, "potential evidence could include, for example, . . . [the] hourly rate the University pays its outside counsel, [and] resumes and litigation experience for all billers, etc." Defendants have not specifically identified any other information they would seek in discovery. To the extent it is helpful to resolving this issue without the Court's involvement, Plaintiff will provide any information to Defendants that he is able to disclose.

     As to Defendants' request that this Court stay all motion practice, Plaintiff maintains that Defendants have provided no basis on which to seek to bar Plaintiff from filing a fee motion, as contemplated in Defendants' Offer. Having accepted Defendants' Offer to resolve all aspects of this litigation, other than the attorneys' fees and costs, Plaintiff—and the public—have an interest in the speedy and efficient closure of this matter. Plaintiff bears the burden of showing the reasonableness of requested attorneys' fees and costs. If it becomes necessary for Plaintiff to file a fee motion, and Defendants believe that the requested attorneys' fees and costs are unreasonable or that the fee motion is in some other way deficient, Plaintiff submits that the proper forum for Defendants to challenge the request is in a written opposition to the fee motion.

Respectfully submitted,

| | |
|---|---|
| */s/ Andrew Geronimo* <br> ANDREW GERONIMO (OH# 86630) <br> andrew.geronimo@case.edu <br> */s/ Siobhan Gerber* <br> SIOBHAN GERBER (OH# 101563) <br> siobhan.gerber@case.edu <br> **First Amendment Clinic** <br> MILTON & CHARLOTTE KRAMER LAW CLINIC <br> CASE WESTERN RESERVE UNIVERSITY SCHOOL OF LAW <br> 11075 East Boulevard <br> Cleveland, Ohio 44106 <br> Telephone: (216) 368-2766 | By: s/ Matthew R. Aumann (per email consent) <br> WILLIAM M. MENZALORA (0061136) <br> Chief Assistant Director of Law <br> JAMES R. RUSSELL, JR. (0075499) <br> Chief Assistant Director of Law <br> MATTHEW R. AUMANN (0093612) <br> Assistant Director of Law <br> City of Cleveland, Department of Law <br> 601 Lakeside Avenue, Room 106 <br> Cleveland, Ohio 44114 <br> Tel: (216) 664-2800 <br> Email: wmenzalora@clevelandohio.gov <br> Email: jrussell2@clevelandohio.gov <br> Email: maumann@clevelandohio.gov <br> Attorneys for Defendants |

## CERTIFICATE OF SERVICE

The undersigned certifies that this Joint Status Report was filed electronically on the 7th Day of February, 2024 and it will be served upon all parties of record by the Court's electronic case filing system.

                                            */s/ Siobhan Gerber*
                                            SIOBHAN GERBER (OH# 101563)
                                            siobhan.gerber@case.edu