IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Chris Martin,** | **Judge: Fleming** |
| **Plaintiff** | **Case: 23-cv-2312** |
| -vs- | |
| **City of Cleveland,** *et al.*, | |
| **Defendants** | |

### DECLARATION OF ELIZABETH BONHAM

My name is Elizabeth Bonham, I am competent to make this declaration, and I respectfully declare as follows:

1. Prevailing Plaintiff's counsel have asked me to review their work and supply an opinion on the reasonableness of their hourly rates and billing submitted in *Chris Martin v. Griffin, et al.*, N.D. Ohio No. 1:23-cv-02312. I submit this declaration in support of counsel's request to be compensated under 42 U.S.C. 1988 for the fees they incurred in successfully challenging the City of Cleveland's unconstitutional restriction on their client's, and the public's, protected First Amendment rights.

2. I am a practicing civil rights attorney. I currently work with Friedman, Gilbert + Gerhardstein (FG+G) in our Cleveland offices. I am an active member of the Cleveland Metropolitan Bar Association. I have worked in civil rights litigation in the Cleveland area for 8 of my almost 9 years in practice.

3. I received my Juris Doctorate from Cleveland State University College of Law (then Cleveland Marshall College of Law) in 2015, *magna cum laude*, and I have been admitted to practice in the State of Ohio since 2015. I am also admitted to practice in the United States District Courts for the Northern and Southern Districts of Ohio, and the United States Court of Appeals for the Sixth Circuit. Prior to my admission, I successfully represented


PLAINTIFF'S EXHIBIT 3

clients in my law school's clinics as an intern with permission to practice, similar to the students who worked on the case at bar.

4. I am experienced in litigating First Amendment and other state and federal constitutional rights cases in the Cleveland area as well as statewide and nationally. I have litigated civil rights matters in the Ohio Supreme Court and lower courts, the United States Supreme Court, the Sixth Circuit Court of Appeals, and the Federal District Courts in Ohio.

5. Between 2014 and 2021 I was a student and then a staff attorney with the American Civil Liberties Union of Ohio (ACLU). At the ACLU, I litigated complex civil rights cases including cases involving voting rights, LGBTQ equality, race and gender equality, abortion access, disability justice, criminal justice reform, and First Amendment law. I frequently handled lawsuits seeking emergency and permanent injunctive relief. For example, my work led to winning a permanent injunction ending the state's ban on correcting birth certificate gender markers for transgender people; obtaining the release of clients from unsafe immigration detention during the COVID-19 pandemic; ending county and municipal bans on homeless people exercising their free speech rights in public spaces; and eliminating municipal nuisance ordinances that led to the eviction of women and people of color in the suburbs. This work also included obtaining injunctive relief in First Amendment cases against the City of Cleveland like in the case at bar, for example, *Citizens for Trump v. Cleveland,* N.D. Ohio No. 16-cv-1465 and *Mancini v. Cleveland,* N.D. Ohio 17-cv-410, among other such cases where I represented a prevailing party seeking temporary and/or permanent injunctive relief.

6. From 2021 to 2022, I worked as a federal term law clerk in the United States District Court for the Southern District of Ohio.

7. Since 2022, I have been with FG+G, a civil rights practice where I continue to litigate First Amendment cases including cases seeking injunctive relief and other civil rights cases against state actors in Cleveland and around Ohio and the region.

8. A resume reflecting the above experience in more detail accompanies this declaration.

9. Based upon my experience litigating cases of the same kind as the one at bar in Cleveland and in the Northern District of Ohio, I am familiar with the prevailing, customary market rates civil rights lawyers in this community charge for their services. I am also familiar with the nature and the time requirements of the kind of skilled work required to litigate a civil rights case such as this.

10. In making this declaration, I note that I am familiar with and have considered Ohio Rule of Professional Conduct 1.5 and all the factors set forth there, in particular the following of those factors:

    a. the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly;

    b. the likelihood ... that the acceptance of the particular [case] will preclude other employment by the lawyer;

    c. the fee customarily charged in the locality for similar legal services;

    d. the ... results obtained [for the client];

    e. the time limitations imposed ... by the circumstances; and

    f. the experience, reputation, and ability of the lawyers performing the services.

11. In making this declaration, I also note that I am familiar with and have considered sources that courts typically rely upon when awarding attorney fees in a case like this one. This includes the "presumptively reasonable" lodestar method of calculating attorney fees sought by prevailing parties under Section 1988. *See, e.g., Hubbell v.*

*FedEx SmartPost, Inc.*, 933 F.3d 558, 575 (6th Cir. 2019). This also includes various sources of information supporting reasonable billing rates, like adjusted Rubin Committee rates or Laffey matrix rates; testimony from attorneys like myself who are familiar with prevailing local rates; prior court decisions approving rates for attorneys with similar experience, reputation, and ability in the region; and studies or surveys such as the Clio billing study supplied with Plaintiff's petition here.

12. In making this declaration, I was also provided and considered: the results obtained, by reviewing the docket and briefing in the case and the resultant relief; the work performed, by reviewing the docket and the line-item billing entries and summaries thereof; the rates, time, and expenses sought, by reviewing the same; and additional information in support of Plaintiff's Motion, by reviewing the resumes of Plaintiff's counsel, the declaration of Andrew Geronimo, and the Motion itself.

13. To summarize, I have reviewed the results obtained, the billing records, and the rate sought, and I have evaluated these in light of the above-described sources and my own experience. Based on my experience and knowledge and to a reasonable degree of professional certainty, I believe the fees sought are reasonable. The rates, hours, and expenses sought are all more than fair and appropriate under the circumstances.

14. I explain the bases for my opinion in more detail below, and I am available to testify or supply further detail should the need arise.

15. I am aware that the work performed on this case was predominantly student work through the Case Western Reserve University School of Law clinical program, undertaken at the direction of Andrew Geronimo, an experienced First Amendment litigator whose work I am familiar with, as well as other clinical faculty.

16. I have been familiar with Mr. Geronimo's experience and credentials for years; he and his clinical students have worked on important First Amendment law cases that I have followed over the years as a practitioner interested in the Clinic's contributions to developing precedent. I have familiarized myself with Mr. Geronimo's colleagues' work in the course of preparing this declaration. Plaintiff's counsel's experience and reputation is stellar. The Clinic as a whole, including because of its history and course content and Mr. Geronimo's experience and supervision, has unique ability to litigate the case at bar. Their constitutional rights work also benefits the community.

17. As to the rates sought here, I believe these are <u>considerably</u> lower than typical for attorneys of comparable experience in this region and in this type of practice, and therefore reasonable for purposes of Plaintiff's petition. Plaintiff's counsels' rates— $475 for Mr. Geronimo, $300 for Ms. Coulter, $250 for Ms. Gerber, and $200 for Certified Legal Interns—are very low in comparison to what I know that similarly positioned civil rights attorneys in this region use. This includes what I and my colleagues seek in my current practice and in my past practice for similar legal work in similarly complex matters. For example, my own current hourly billing rate which I have billed in similar matters in this jurisdiction is $440. This billing rate is without a multiplier for specialized experience. I know that this is comparable to what other lawyers in this region use in similar matters requiring similar skill and attention. I know that this is comparable to what courts in the Ohio Northern and Southern Districts have approved. Additionally, applying any published, standardized source like the Laffey matrix or the adjusted Rubin's rates for this year results in a rate <u>above</u> what counsel here is seeking for an attorney of similar experience. I am aware that counsel in this case are using lower-than-standard hourly rates because much of their time is devoted

to student supervision in service of their educational and public-facing mission. This puts their rates far below what is fair and typical. For these reasons, I believe the sub-typical rates sought are more than reasonable to support their fee request.

18. As to the total hours submitted, the overall number in this case is well within the range of billing that I would expect to generate for similar work. Indeed, like the rates sought, I believe the billing is modest. According to counsel's billing records, the Clinic spent just over 400 hours handling this matter over approximately four months, including the time incurred in preparing this petition. This is reasonable under the circumstances. As I understand it, Plaintiff filed suit only after first putting the City on notice that it had implemented an unconstitutional policy, and meeting with the City about this. The City acknowledged the constitutional problems with the at-issue policy. Plaintiff's counsel attempted to negotiate a resolution in lieu of filing suit and even performed research which it supplied to the City in service of that attempted resolution. As I understand it, regardless of this work, the City did not change its policy, so Plaintiff filed suit and moved for emergency relief. Eventually the parties stipulated to an order enjoining the at-issue policy provisions, but the City continued to vigorously defend the case on the merits. The parties ultimately settled and the City permanently adopted the reforms sought as a result of the litigation. Based upon my review of the hours expended and especially given Plaintiff's repeated attempts at resolution and repeated success when forced to litigate, the hours and types of work billed including research and drafting were no more than necessary to provide competent representation to vindicate Plaintiff's rights.

19. In addition, counsel informed me and their records reflect that they took additional steps to exercise careful billing judgment in arriving at the number of hours sought.

This included having students, the lowest-billing individuals, conduct the majority of the billed work, as well as preemptively cutting the number of student hours spent on tasks that could be considered anything other than necessary litigation work from the total hours billed. In reviewing the time expended on tasks like drafting briefing for a temporary restraining order involving constitutional issues, the time billed here is modest, and the division of labor to use lower-billing attorneys where possible is generous. By contrast, in reviewing the billing records, I do not see unnecessary duplication or unnecessarily high-billed work. For these additional reasons, I think the billed time is fair and reasonable.

20. Based upon the above-summarized reasons, is my opinion, to a reasonable degree of professional certainty, that the Court should award the prevailing Plaintiff's counsel award the requested fees and costs in their entirety.

21. I note that in my professional experience, the City of Cleveland and other similar entities have in the past agreed to extrajudicially resolve similar fair and reasonable requests for Section 1988 attorney fees including when a prevailing plaintiff obtains injunctive relief protecting the constitutional rights of community members. However, I am aware that prevailing parties are entitled to recover fees incurred when forced to litigate a fee petition. For this reason and the reasons stated above, I believe that to the extent counsel seeks fees for fees as part of their billing statement, this is also reasonable.

22. My fee for the work associated with preparing this affidavit would be charged at my current standard hourly rate of $440, and would total $2,222.4 for the work provided, after exercising billing judgment and preemptively discounting time spent on small tasks. Future time spent preparing to testify and testifying would increase this figure.

For the same reasons discussed above, and particularly in light of Plaintiff's counsel's attempted extrajudicial resolution of their fees and costs prior to having to submit this petition, I believe that an award of reasonable expenses including Plaintiff's expert fees and filing fee is also warranted.

I declare the above to be true and correct to the best of my knowledge and belief.

Dated: March 20, 2024
Elizabeth Bonham

# Elizabeth Bonham

Friedman Gilbert + Gerhardstein | 50 Public Sq. Ste. 1900 Cleveland, OH 44113 | elizabeth@FGGfirm.com

## BAR ADMISSIONS

- **Supreme Court of Ohio**, November 2015
- **U.S. District Court for the Northern District of Ohio**, March 2016
- **U.S. District Court for the Southern District of Ohio**, December 2016
- **U.S. Court of Appeals for the Sixth Circuit**, July 2016

## PROFESSIONAL EXPERIENCE

**Friedman Gilbert + Gerhardstein,** Cleveland, OH
*Attorney,* 2022-present
- Litigate complex civil rights cases from trial through appeals including wrongful conviction, First Amendment, LGBTQ rights, police brutality, prison conditions, wrongful death, and other state law and §1983 matters. Recent civil trial results include $4.4 million jury verdict in wrongful death case.
- Defend political protestors in criminal and civil First Amendment litigation. Recent criminal trial results include acquittals of political arrestees; recent civil litigation victories include emergency injunctive relief stopping municipal policies that violated protestor rights.

**Cleveland State University College of Law,** Cleveland, OH
*Part-time faculty,* Gender, Sexuality & Law, 2022-present

**United States District Court for the Southern District of Ohio**, Columbus, OH
*Judicial Law Clerk,* 2021-2022
- Researched and drafted judicial opinions and legal memoranda, assisted with dispute resolution, and supported docket management including student intern supervision in federal judicial chambers.

**American Civil Liberties Union of Ohio**, Cleveland, OH
*Staff Attorney (previously student practitioner),* 2014-2021
- Litigated complex civil rights cases including to advance voting access, LGBTQ equality, race and gender equality, access to reproductive healthcare, First Amendment rights, disability justice, and criminal justice reform including in police misconduct and immigrant detention.
- Led advocacy including lobbying, public speaking, policy analysis, media representation, research, and nonprofit development, to pursue issue campaigns coordinated with litigation.
- Managed staff, students, and pro bono counsel teams and developed relationships with volunteers and community organizations to forward civil rights work statewide.
- Obtained successful results for my clients through mediation, negotiation, motions, and trial.
- Representative experience: won national reform after two-week election law trial before federal three-judge panel; successfully briefed and argued cases before the Sixth Circuit and the United States Supreme Court; prevailed in evidentiary hearings for emergency relief; handled all aspects of discovery including extensive expert witness discovery; supervised large case teams.

**Cleveland State University College of Urban Affairs,** Cleveland, OH
*Part-time faculty,* Administrative & Regulatory Law, 2018

**LegalWorks,** Cleveland, OH and Lorain, OH
*Law Clerk (subsequently member of the board of directors),* 2014-15
- Provided pro-bono criminal and civil legal services to low-income individuals in a clinic setting.

**The Brown-Panagopoulos Law Group**, Cleveland, OH
*Law Clerk,* 2013-15
- Represented clients with disabilities in criminal defense and anti-discrimination litigation.

**Cleveland-Marshall College of Law**, Cleveland, OH
*Research Assistant to Professor Heidi Robertson,* 2015; *Teaching Assistant to Candice Hoke,* 2014
- Contributed to publication: H. Robertson, *When States' Legislation and Constitutions Collide With Angry Locals: Shale Oil and Gas Development and its Many Masters,* 41 Wm. & Mary Envtl. L. & Pol'y Rev. 55 (2016)

**Civil Litigation Clinic, Cleveland-Marshall College of Law**, Cleveland, OH
*Student Practitioner,* 2013-15
- Litigated before the Ohio Eighth District Court of Appeals and Board of Immigration Appeals.

**Nueva Luz Urban Resource Center Legal Clinic**, Cleveland, OH
*Public Interest Fellow,* 2014
- Represented low-income clients living with HIV/AIDS in civil matters.

## EDUCATION

**Cleveland State University College of Law**, Cleveland, OH
J.D. *magna cum laude,* May 2015; GPA*:* 3.6/4.0; Class Rank: Top 20%
- Dean's Learn Law, Live Justice Award and Commencement Speaker; Dean's Community Service Award; Lexis Clinical Employment Award; OSBA Award for Commitment to Employment Law; Public Interest Fellow; President, CM Allies; CALI Awards in Civil Litigation, Legal Drafting, Disability Law, Land Use Regulation, and Commercial Law

**Warren Wilson College,** Asheville, NC
B.A. *with honors,* May 2011
GPA: 3.83/4.0; Major course of study: environmental policy and agriculture; Minor: philosophy

## COMMUNITY ENGAGEMENT

- William K. Thomas Inn of Court, Associate Member
- Cleveland Metropolitan Bar Association, Member, Litigation Sections & LGBTQ Committee
- National Police Accountability Project, Member

## SELECTED PUBLICATIONS & PRESENTATIONS

- **Selected publications.**
    - J. Mead, M. Hatch, JR Tighe, M. Pappas, K. Andrasik, E. Bonham, *Treating Neighbors as Nuisances: Troubling Applications of Criminal Activity Nuisance Ordinances,* 66 Et Cetera 3 (2018)
    - E. Bonham, *Protesting and Censorship,* Columbus Bar Lawyers Quarterly (2018)
    - J. Mead, M. Hatch, JR Tighe, M. Pappas, K. Andrasik, E. Bonham, *Who is a Nuisance? Criminal Activity Nuisance Ordinances in Ohio* (2017)
- **Selected presentations.**
    - *Status of HIV Criminalization in Ohio,* Cleveland LGBT Center (2024)
    - *Threats to Election Security,* with Cleveland State Law Review Symposium (2023)
    - *Justice Ginsberg's Elections Dissents,* Maltz Museum (2021)
    - *The Law, the Press, and Protest,* CMBA (2021)
    - *Redistricting Reform After Rucho,* with Cleveland State Law Review Symposium (2020)
    - *Chronic Nuisance Laws and the Fair Housing Act,* Fair Housing Center (2019)
    - *Homelessness and the First Amendment,* CMBA (2019)
    - *HIV/AIDS Decriminalization Efforts in Ohio,* with the Ohio Public Defender, Center for HIV Law and Policy, and Ohio State Bar Association (continuing)