IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRIS MARTIN, | ) |
| Plaintiff, | ) CASE NO. 1:23-cv-02312 |
| v. | ) |
| CLEVELAND CITY COUNCIL, *et al.*, | ) JUDGE CHARLES ESQUE FLEMING |
| Defendants. | ) |

**DEFENDANTS' COMBINED DISCOVERY TO PLAINTIFF**

Now comes Defendants, by and through the undersigned counsel, and submits the following Interrogatories, Requests for the Production of Documents, and Requests for Admission to Plaintiff pursuant to the Federal Rules of Civil Procedure, to be answered fully and in writing, under oath, and served upon Defendants' counsel within **thirty (30) days of service thereof**.

**NOTICE**: Pursuant to Rule 36(b) of the Federal Rules of Civil Procedure, these Discovery Requests contain **Request for Admissions** that will be deemed admitted if you do not timely deny or respond to the same according to the Rules.

**DEFINITIONS AND INSTRUCTIONS**

A.    The information sought must be given, whether secured by your agent, representative, attorney, or any other person who has made this knowledge known to you, or from whom you can get this information, and is competent to testify as to the facts stated.

1



B.      "Document" or "documents" as used herein should be construed in the broadest possible sense and refers to any printed, written, taped, recorded, photographed, video recorded, graphic, computerized, electronically stored, or other tangible matter, from whatever source, however produced or reproduced, whether in draft or otherwise.  This includes, but is not limited to notes, correspondence, e-mails, memoranda, messages, outlines and/or proposals, and any other items or things within the scope of Rule 34 of the Ohio Rules of Civil Procedure.

C.      The term "identify" when used with reference to:

   a.   a "document" shall mean a statement of the date thereof, the author and, if different, the signor or signors, the addressees, its present or last known location or custodian and all other means of identifying it with sufficient particularity to satisfy the requirements for its identification in a request for its production.  If any such document was, but is no longer in your possession or subject to your control, state the disposition which was made of it, the reason for such disposition and the date thereof.  In the alternative, production of documents responsive to these Interrogatories shall constitute sufficient identification of such documents.

   b.   a "person" shall mean to name the person, state the address of the person, the telephone number, and the e-mail address of the person.

D.      The term "describe" includes, but is not limited to, a requirement to identify any documents that support each specific answer.

E.      These Interrogatories shall be deemed to be continuing pursuant to the Federal Rules of Civil Procedure so as to require supplemental answers in a reasonable time prior to trial.

F.      Communication" or "communications" as used herein includes any and every exchange of information by any means, including, but not limited to oral, written and electronic communications.

G.      The use herein of the singular form of any noun or pronoun shall include where appropriate the plural thereof; the use herein of the masculine gender shall include where appropriate the feminine.

H. "Person" as used herein shall mean an individual, corporation, partnership, association and/or any other business or governmental entity.

I. "Reflect," "refer" and "relate to" as used herein are intended to have the broadest possible scope so that all documents, including drafts, are included if they in any way constitute, contain, pertain to or mention the indicated subject or document. Whenever a document provides part, but less than all, of the information requested, such document should be produced along with all other documents that are related.

J. As used herein, the word "or" is inclusive, referring to any one or more of the disjoined words or phrases and "any" and "all" also include "each and every." The term "and" should not be construed to exclude from production any document simply because not every subject called for is discussed in the document.

K. If you withhold any information responsive to any of the document requests on the grounds of attorney-client privilege or any other privilege, doctrine or reason with respect to any communication the production of which would otherwise be required by these document requests, set forth in writing:

    a. the date and subject matter of the communication;

    b. if the privilege is asserted with respect to an oral communication, identify the name, employment and title of each person who participated or held the communication;

    c. if the privilege is asserted with respect to a document, identify the name, employment and title of each person who prepared, received and has or had possession, custody or control of the document or a copy thereof; and

    d. the basis for the claim of privilege or other ground for failing to identify the oral communication or document.

L. If any document described in this request was, but no longer is, in your possession, or subject to your custody or control, or in existence, state whether:

3

      a.    it is missing or lost;

      b.    it has been destroyed;

      c.    it has been transferred, voluntarily or involuntarily, to others; or

      d.    it has been disposed of otherwise.

In each instance, explain the circumstances surrounding such disposition and identify the person(s) directing or authorizing same, and the date(s) thereof. Identify each document by listing its author, his address, type (e.g., letter, memorandum, telegram, chart, photographs, etc.), date, recipient, subject matter, present location(s) and custodian(s), and state whether the document (or a copy) is still in existence.

All documents covered in this request shall be produced in an orderly manner (and with appropriate markings or other identification) so that the serving party(ies) and its/their attorneys will be able to identify the source of the document, the file in which it was maintained, the person to whom the file belonged, and the number of this request to which it responds.

## INTERROGATORIES

**Interrogatory No. 1**

Identify and itemize all costs and expenses incurred in this litigation.

**ANSWER:**


**Interrogatory No. 2**

Identify by name and bar number (or equivalent for certified legal interns) for all individuals who you are seeking attorney's fees.

**ANSWER**:


**Interrogatory No. 3**

For all individuals who you are seeking attorney's fees, identify by citation all litigation where the individual litigated a claim—as an attorney—involving the First Amendment and § 1983.

**ANSWER**:



**Interrogatory No. 4**

Identify by citation all instances where the First Amendment Clinic received a judgment for attorney's fees.

**ANSWER**:

**Interrogatory No. 5**

Lists the costs to run the First Amendment Clinic, cost per pupil to participate in the First Amendment Clinic, and any revenue generated by the First Amendment Clinic.

**ANSWER**:

**Interrogatory No. 6**

Identify all legal theories that Plaintiff claims success.

**ANSWER:**

**Interrogatory No. 7**

For all individuals who you are seeking attorney's fees and who have private practice experience, list the billable hour for the five most recent matters and the date of engagement.

**ANSWER**:

**Interrogatory No. 8**

Identify all law firms that Case Western Reserve University contracts with to provide legal services, and the agreed-upon hourly rates for those services for 2024.

**ANSWER**:

**Interrogatory No. 9**

Explain the entire basis for Plaintiff's request for attorney's fees, costs, and expenses.

**ANSWER**:

**Interrogatory No. 10**

Explain the corporate nature of the First Amendment Clinic, including whether it is a separate legal entity or part of Case Western Reserve University.

**ANSWER**:

**Interrogatory No. 11**

Identify all evidence in support of any motion for attorney's fees, costs, and expenses.

**ANSWER**:

**Interrogatory No. 12**

Identify all witnesses and their anticipated testimony as it relates to attorney's fees, costs, and expenses.

**ANSWER**:

**Interrogatory No. 13**

List the annual salary (or appropriate rate of compensation) for Andrew Geronimo, Sarah Coulter, and Siobhan Gerber.

**ANSWER**:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce any and all documents relied upon to answer Defendant's First Set of Interrogatories and Requests for Production of Documents to Plaintiff, identifying which documents related to each specific interrogatories or requests for production.

...

**RESPONSE:**

2. Produce any and all documents reflecting any expert witness reports to be utilized in this case.

   **RESPONSE**:

3. Produce any invoices or other documents—in native format with metadata intact—of work performed in this case.

   **RESPONSE:**

4. Identify all time entries that were completed immediately upon completion of the task described in the narrative.

   **RESPONSE:**

5. Produce the most recent resumes for all individuals who performed billable work in this case.

   **RESPONSE:**

6. Produce any policies and procedures maintained by Case Western Reserve University, including not limited to the First Amendment Clinic, related to tracking and billing for time as it relates to legal services.

   **RESPONSE:**

7. Produce copies of the engagement letter between Chris Martin and the First Amendment Clinic/Case Western Reserve University.

   **RESPONSE:**

8. Produce any and all engagement letters or other agreements between Case Western Reserve University and legal services firm showing the law firm and engaged and the hourly rate for services.

    **RESPONSE:**

9. Produce any and all engagement letters involving the First Amendment Clincic entered into in the last five years.

    **RESPONSE:**

10. Produce any profit/loss or other statements related to the First Amendment Clinic, including revenue generated from students, revenue generated by litigation, and costs of paying staff salaries.

    **RESPONSE:**

11. Produce copies of any course materials for the First Amendment Clinic created in the last five years, including syllabi, curricula, PowerPoint slides, and other course materials.

    **RESPONSE:**

12. Provide copies of all drafts of all documents filed in this litigation.

    **RESPONSE:**

13. Produce copies of the most recent fee agreements entered into by the Pattakos Law Firm that shows the billable rate for Andrew Geronimo and invoices that show that rate actually paid by the client.

**RESPONSE:**

14. Produce copies of all law review articles published by Case Western Reseve since Fall 2018 related to the First Amendment and public meetings.

    **RESPONSE:**

15. Produce copies of any and all documents provided to a news or media organization related to this litigation.

    **RESPONSE:**

16. Produce any and all audio recordings related to statements made to a news or media organization related to this litigation.

    **RESPONSE:**

17. Produce any and all non-privileged communications sent by Andrew Geronimo related to this litigation. This includes, for example, emails internally to Case Western Reserve University, posts on Twitter, emails to media organizations, etc.

    **RESPONSE:**

18. Produce any and all documents Plaintiff believe may be used as an exhibit, including demonstrative exhibits, at any deposition, trial or hearing in this action.

    **RESPONSE:**

19. Produce any and all documents that support a blended hour billable of $300 per hour for the First Amendment Clinic's attorneys.

    **RESPONSE:**

20. Produce all drafts of proposed First Amendment Policies, includingn those revised by Chris Martin, to be considered by Cleveland City Council.

    **RESPONSE:**

**[INTENTIONALLY LEFT BLANK]**

## REQUESTS FOR ADMISSION

1. **Chris Martin was told before filing this litigation that portions of the complained of policy, which was attached to the Complaint, would not be enforced.**

Response:         Admit or Deny

2. **Chris Martin, in the Complaint, sought relief for a September 2023 incident and injunctive relief prohibiting future enforcement of a public comment policy:**

Response:         Admit or Deny

3. **The Court failed to grant Chris Martin's motion for a preliminary injunction:**

Response:         Admit or Deny

4. **Cleveland City Council failed to adopt the public comment policy preferred by Chris Martin and the First Amendment Clinic:**

Response:         Admit or Deny

5. **Andrew Geronimo called the adoption of a new public comment policy by Cleveland City Council an "incremental win":**

Response:         Admit or Deny

6. **No time entries for this matter were contemporaneously recorded, meaning the time allotted and narrative were not written before moving on to any other task:**

Response:         Admit or Deny

7. **Andrew Geronimo's realized hourly rate in private practice, meaning the hourly rate actually paid by clients, is less than $300 per hour.**

Response: Admit or Deny

8. **Certified legal intern time is not billable as a matter of law:**

Response: Admit or Deny

9. **The primary purpose of the First Amendment Clinic is to educate students:**

Response: Admit or Deny

10. **No amount of attorney's fees is reasonable to recover in this action:**

Response: Admit or Deny

11. **Cleveland City Council was not a proper party for this litigation:**

Response: Admit or Deny

12. **President Blaine Griffin in his individual capacity was not a proper party for this litigation:**

Response: Admit or Deny

        Respectfully submitted,

        MARK D. GRIFFIN (0064141)
        Director of Law

By:   *s/ Matthew R. Aumann*
        William M. Menzalora (0061136)
        Chief Assistant Director of Law
        James R. Russell, Jr. (0075499)
        Chief Assistant Director of Law
        Matthew R. Aumann (0093612)
        Assistant Director of Law
        City of Cleveland, Department of Law
        601 Lakeside Avenue, Room 106
        Cleveland, Ohio 44114-1077
        Tel: (216) 664-2800
        Fax: (216) 664-2663
        WMenzalora@clevelandohio.gov
        JRussell2@clevelandohio.gov
        MAumann@clevelandohio.gov

**CERTIFICATE OF SERVICE**

    I certify that that on the 12th day of February 2024, a copy of the foregoing was sent via electronic mail to the following counsel of record:

    Andrew Geronimo:  acg33@case.edu

    Siobhan Gerber: siobhan.gerber@case.edu

                                        *s/ Matthew R. Aumann*
                                        MATTHEW AUMANN (0093612)
                                        Assistant Director of Law

                                        *One of the Attorneys for Defendants*