# Exhibit 4



Milton and Charlotte Kramer Law Clinic

*Mail*
10900 Euclid Avenue
Cleveland, Ohio 44106-7148

*Visitors and Deliveries*
11075 East Boulevard
Cleveland, Ohio 44106

office 216.368.2766
fax 216.368.5137
lawclinic@case.edu

case.edu/law/clinic

January 18, 2024

BY EMAIL ONLY to:
William M. Menzalora
WMenzalora@clevelandohio.gov
James R. Russell
jrussell2@clevelandohio.gov
Matthew R. Aumann
MAumann@clevelandohio.gov
City of Cleveland
601 Lakeside Ave., Room 227
Cleveland, OH 44114

Re: EVID R. 408: Proposed settlement in 1:23-cv-02312-CEF, *Martin v. Cleveland City Council, et al.*

Dear Mr. Menzalora, Mr. Russell, and Mr. Aumann,

Per our discussion on December 20, 2023, please find attached a settlement demand from Mr. Martin pursuant to Evid. R. 408. Although we believe Mr. Martin is likely to prevail on his claims, and if he does, he would be entitled to attorneys' fees as a prevailing party, his sole demand at this time is for Council to enact the enclosed public comment policy, keep the policy in effect for a period of at least two years, and confer with Mr. Martin's Counsel before enacting any changes to the policy within that two year period. For his part, Mr. Martin would dismiss this action with prejudice, and waive any claims against the City or City Officials related to the September 25, 2023 incident or City Council's public comment policies as of the date of this letter.

The attached policy represents a reasonable compromise of Mr. Martin's position, and not necessarily what we believe the Court could order if we prevail in this matter. Further, if we prevail in this matter, in addition to seeking an order requiring Cleveland City Council to amend its public comment policies to comply with the First Amendment, we will seek the maximum amount of fees, costs, and damages from the City and City Council President–those fees will only continue to grow as we prepare for and conduct motions practice and discovery in this matter. Even if Mr. Martin only proves nominal damages for his silencing at the September 25 City Council meeting, well-established controlling precedent holds that he will still be entitled to a fully compensatory award of the attorneys' fees incurred in proving the violation. *See Blanchard v. Bergeron*, 489 U.S. 87, 93–94, 96 (1989) (holding that attorneys fee awards in civil rights cases must be fully compensatory to make sure that competent counsel is available to

civil-rights plaintiffs, and to encourage the benefits of such litigation for the named plaintiff and for society at large).

I would urge Defendants to consider and accept this reasonable offer. Please let me know if we can arrange a time to discuss with our clients.

Sincerely,

Andrew Geronimo

Cc:  Chris Martin
     Sara Coulter
     Siobhan Gerber
     Spring 2024 First Amendment Clinic Interns

Encl.: Proposed Public Comment Policy

CASE WESTERN RESERVE UNIVERSITY ___ EST. 1826