UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRIS MARTIN, | CASE NO. 1:23-cv-2312 |
| Plaintiff, | JUDGE CHARLES E. FLEMING |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CLEVELAND CITY COUNCIL, *et al.*, | |
| Defendants. | |

## I. PROCEDURAL HISTORY

On December 4, 2023, Plaintiff filed a complaint against Cleveland City Council and Blaine Griffin, the Cleveland City Council President, for unlawful deprivation of free speech in violation of the First and Fourteenth Amendments of the United States Constitution. (ECF No. 1). On December 20, 2023, Plaintiff filed a motion requesting a temporary restraining order ("TRO") and preliminary injunction to prohibit the Defendants' alleged ongoing violations of the First Amendment. (ECF No. 8). The Court scheduled a status conference on January 4, 2024 to discuss that motion. (Order [non-document] dated 12/21/2023). On January 3, 2024, Defendants filed a notice that the motion for a temporary restraining order had been resolved. (ECF No. 9). On January 5, 2024, the parties filed a joint proposed stipulated temporary restraining order (ECF No. 10), which the Court entered on the same day. (ECF No. 11).

On January 24, 2024, the parties filed a joint status report requesting two weeks "to evaluate and discuss resolution of this matter" before filing a joint status report by February 7, 2024. (ECF No. 15). On February 7, 2024, Plaintiff filed a notice that he accepted the offer of judgment made by Defendants pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Rule

1

68"). (ECF No. 16). Plaintiff's notice specifies that he, "prays that judgment be entered against Defendants on the terms specified in the Offer and stipulates to the voluntary dismissal, with prejudice, of his claims against Cleveland City Council and Blaine Griffin." (*Id*. at PageID #151). The parties also filed a joint status report informing the Court that the judgment offer excluded any determination of attorney fees, so "[t]he only remaining issue in this litigation concerns attorneys' fees and costs." (ECF No. 17, PageID #157).

On March 20, 2024, Plaintiff filed a motion requesting an award of $113,422 in attorney fees and $7,127 in costs. (ECF No. 20, PageID #169). Plaintiff argues that he is a prevailing party entitled to reasonable fees pursuant to 42 U.S.C. § 1988. (*Id*.). On April 22, 2024, Defendants opposed Plaintiff's motion, arguing that no attorney fees should be awarded because Plaintiff only prevailed on his damages claim and received only nominal damages. (ECF No. 22, PageID #304–07). On April 29, 2024, Plaintiff replied that both the TRO and acceptance of the offer of judgment make him a prevailing party. (ECF No. 23, PageID #487). All parties agreed to the award of Plaintiff's filing fee. (ECF No. 22, PageID #314).

## II. LEGAL STANDARD

In an action to enforce a provision of 42 U.S.C. § 1983, the Court has discretion to "allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). To be a prevailing party, Plaintiff must have "been awarded some relief by the court." *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 603 (2001). That relief must be material, which means it directly benefits Plaintiff by modifying Defendants' behavior. *Doe v. Univ. of Michigan*, 78 F.4th 929, 950–51 (6th Cir. 2023). "A plaintiff who obtains relief through settlement is the 'prevailing party' within the meaning of the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988." *Fulps v. City of*

2

*Springfield, Tenn.*, 715 F.2d 1088, 1090 (6th Cir. 1983).

### III. ANALYSIS

Plaintiff contends that both the stipulated TRO and the Rule 68 offer of judgment make him a prevailing party. (ECF No. 20, PageID #176–77). Plaintiff is correct as to the offer of judgment. *Fulps*, 715 F.2d at 1090. Thus, the Court may, in its discretion, award Plaintiff reasonable attorney fees because he is the prevailing party.

Defendants allege that the $500 Plaintiff received in damages is an award of nominal damages, so no attorney fee award is appropriate. (ECF No. 22, PageID #307). Defendants concede to awarding Plaintiff his filing fee. (*Id.*). Plaintiff contends that $500 exceeds the standard for nominal damages. (ECF No. 23, PageID #491).

Nominal damages are "the damages awarded by default until the plaintiff establishes entitlement to some other form of damages, such as compensatory or statutory damages." *Uzuegbunam v. Preczewski*, 592 U.S. 279, 290 (2021). The offered sum of $500 that Plaintiff received in the Rule 68 offer of judgment does not qualify as nominal damages. Thus, Plaintiff is entitled to some award of fees, unless Defendants make "a strong showing that special circumstances warrant a denial of fees." *Hescott v. City of Saginaw*, 757 F.3d 518, 523 (6th Cir. 2014). There are no special circumstances here that warrant a denial of all fees.

Defendants argue that the Court should not award more than $10,264.58 for the 64 hours of work Defendants consider reasonable. (ECF No. 22, PageID #309). Plaintiff contends that counsel's billing entries meet the standard required to determine that the hours were reasonably expended in the prosecution of the litigation. (ECF No. 23, PageID #494). Plaintiff is seeking fees for three attorneys and eight legal interns, all of whom represented Plaintiff through a law school pro bono clinic. (ECF No. 20, PageID #198). Plaintiff argues there is no bar to recovering

3

fees for student time and cites to Local Rule 83.6 as evidence that student practitioners may participate in this court as if they were duly licensed attorneys. (*Id*. at PageID #184). However, subsection (b) of the same rule states, "[i]n all cases, the student shall receive no compensation, directly or indirectly, for participation, other than the award of academic credit by the student's law school." L.R. 83.6(b). Consequently, the Court will not award fees for any hours expended by the law clinic's students. To do otherwise would violate Local Rule 83.6(b), contrary to Plaintiff's argument.

Plaintiff requests a rate of $250/hour for Attorney Gerber for three years of experience. (ECF No. 20, PageID #178). Plaintiff requests a rate of $300/hour for Attorney Coulter for seven years of experience. (*Id*.). Plaintiff requests $475/hour for Attorney Geronimo for fourteen years of experience. (*Id*. at PageID #178–79). Defendants contend that these hourly rates are not reasonable and propose the following hourly rates: $275/hour for Attorney Geronimo, $250/hour for Attorney Coulter, and $200/hour for Attorney Gerber. (ECF No. 22, PageID #311). Plaintiff replies that the rates requested are below-market rates in the Cleveland, Ohio legal market for 2023-2024. (ECF No. 23, PageID #492).

In support of the hourly rate, Plaintiff provided declarations from attorneys Subodh Chandra and Elizabeth Bonham affirming that the hourly rates requested are lower than typical for this region and practice area. (ECF No. 20, PageID #237 & 266). In response, Defendants provided the Ohio State Bar Association's report, *The Economics of Law Practice in Ohio in 2019*. (ECF No. 22, PageID #412–82). Bearing in mind that the data provided in the report provided by Defendants is about four to five years out of date, the data provided in the report is not far from the rates requested by Plaintiff. The report identifies the average hourly billing rate for attorneys with 3 to 5 years in practice as $210 with the 95th percentile billing at $285. (*Id*. at PageID #455).

4

For attorneys with 6 to 10 years in practice, the average was $225 with the 95th percentile billing $325. (*Id*.). For attorneys with 11 to 15 years in practice, the average was $273 and the 95th percentile was $425. (*Id*.). Factoring in inflation over the approximately five years since this data was published, the data provided by Defendants affirms that the rates requested for Attorneys Gerber and Coulter are reasonable.

However, the data does not support the $475 rate requested for Attorney Geronimo, who graduated from law school in 2010. (*Id*. at PageID #222). Attorney Chandra's declaration provides a compilation of hourly rates charged by various attorneys over time. (*Id*. at PageID #241–42). The least experienced attorneys represented in that compilation were two attorneys admitted in 2004, six years before Attorney Geronimo. (*Id*. at PageID #242). Attorney Chandra cites to *Truex v. Drivers Direct, LLC*, 583 F. Supp. 3d 1033 (N.D. Ohio 2022) in support of a $500 hourly rate charged by a 2004 admittee. (ECF No. 20, PageID #242). That case does not support Plaintiff's argument that $475 is a reasonable rate for an attorney with six years less experience. In *Truex*, the Court noted that the $500 hourly rate requested, "push[ed] the outer bounds of reasonableness given the nature of this matter," but granted the request because Defendant did not object to the fee request. 583 F. Supp. 3d at 1036. Thus, the Court never found that $500 was a reasonable hourly rate for an attorney with six more years of experience in 2022. With Defendants requesting an hourly rate of $275 for Attorney Geronimo and Plaintiff requesting $475 and no evidence to support either rate, the Court will set the reasonable rate of $375.

Plaintiff requests compensation for 95.4 hours for Attorney Geronimo, 33.93 hours for Attorney Coulter, and 63.88 hours for Attorney Gerber. (ECF No. 20, PageID #198). Defendants responded with a declaration from Attorney Mark Landes that identified only 14.6 hours of reasonable billable time for Attorney Geronimo, 4.13 hours for Attorney Coulter, and 14.6 hours

for Attorney Gerber. (ECF No. 22, PageID #351). Defendants raise two arguments in their opposition: 1) Plaintiff should only recover for his damages claim related to the September 25, 2023 hearing and 2) Plaintiff cannot recover fees for time incurred after the Rule 68 Offer of Judgment. (*Id*. at PageID #303–14). Plaintiff argues that he is entitled to recover for hours related to injunctive relief and hours incurred post-Offer. (ECF No. 23, PageID #494–98).

*1. Reasonable Hours*

"[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). When a lawsuit consists of related claims, "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Id*. Plaintiff being a prevailing party, "may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Id*. at 436. The Court has discretion in making this judgment and "[t]here is no precise rule or formula for making these determinations." *Id*.

Plaintiff's complaint raised two counts against Defendants: 1) a facial challenge to Defendant Cleveland City Council's public comment policies as a violation of the First and Fourteenth Amendments to the United States Constitution, and 2) an as-applied challenge against all Defendants based on the unlawful deprivation of Plaintiff's free speech on September 25, 2023 in violation of the First and Fourteenth Amendments to the United States Constitution. (ECF No. 1, PageID #10–12). Plaintiff's prayer for relief sought four remedies: 1) "[d]eclare Defendants' censorship of Mr. Martin's public comment at the September 25, 2023 City Council Meeting unconstitutional;" 2) "[d]eclare Defendants' public comment policy facially unconstitutional;" 3) "[p]reliminarily and permanently enjoin Defendants from enforcing their unconstitutional Public

6

Comment Policies and using the Council President's discretion to censor particular viewpoints;" and 4) "[a]ward Mr. Martin damages against Defendants together with attorneys' fees, costs, expenses, and any other relief to which Mr. Martin may be entitled or that the Court finds is appropriate or equitable." (*Id*. at PageID #13).

The Offer of Judgment accepted by Plaintiff includes $500 in damages, but expressly states that it "does not include declaratory or injunctive relief." (ECF No. 16, PageID #154). Thus, Plaintiff achieved an award of damages, but did not obtain a declaration that the September 25, 2023 incident was unconstitutional, that the public comment policy was unconstitutional, or a permanent injunction of that policy. Plaintiff argues that the joint stipulated temporary restraining order (ECF No. 11) entered on January 5, 2024 also makes him a prevailing party. (ECF No. 23, PageID #489–90). However, as Defendants noted in a supplemental filing (ECF No. 24), the Supreme Court recently addressed that a plaintiff does not become a prevailing party after victory on a preliminary injunction "simply because external events convert the transient victory into a lasting one." *Lackey v. Stinnie*, 145 S.Ct. 659, 669 (2025). Thus, Plaintiff is not a prevailing party as it relates to injunctive relief simply because the joint stipulated temporary restraining order was the only order from the Court on the docket before acceptance of the offer of judgment.

Plaintiff cites two cases in support of the rule that the Court cannot reduce fees merely based on the number of issues on which Plaintiff prevailed. *See Deja Vu v. Metro. Gov't of Nashville and Davidson County*, 421 F.3d 417, 423 (6th Cir. 2005) and *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 822 (6th Cir. 2013). (ECF No. 23, PageID #490). Both cases involve findings that the prevailing party obtained "excellent results." *Deja Vu*, 421 F.3d at 423–24 ("Because the result secured by Deja Vu—a final judgment that permanently enjoined the enforcement of Chapter 6.54—cannot fairly be labeled as anything short of excellent, it is entitled

7

to a fully compensatory fee."); *Waldo*, 726 F.3d at 824 ("[A] full recovery was permissible because Waldo 'obtained excellent results.' She sought damages and received $300,000, the maximum award possible under Title VII … Waldo succeeded on a significant and central issue in the litigation, namely that she was subjected to a hostile work environment at Consumers because of her gender." (citations removed)). The results obtained here are not equivalent to those in the cases cited by Plaintiff. The Court does not find that Plaintiff obtained "excellent results," so Plaintiff is not inherently entitled to a fully compensatory fee award.

Defendants' declaration from Attorney Landes identifies several ways to reduce the fee award: 1) cutting hours related to injunctive relief; 2) removing block billing, vague entries, duplicative entries, and clerical tasks; 3) removing entries related to law clinic instruction; and 4) removing entries related to lobbying. (ECF No. 22, PageID #345–351). In an attached exhibit to the declaration, Attorney Landes identified which billing entries he considered applicable to the recovery of damages by highlighting those entries in green. (ECF No. 22, PageID #373–386). Plaintiff's argument focused on entitlement to all hours requested and did not dive into the specifics of the Attorney Landes declaration, so the Court did not rely on the declaration to determine the hours that were reasonable in relation to the results obtained.

As Plaintiff was successful in recovering damages, the Court finds that the hours expended by counsel related to filing the complaint and obtaining settlement are reasonable. Upon review of the billing summary provided by Plaintiff (ECF No. 20, PageID #198–206), the Court identified the following hours related to the results obtained: 17 hours for Attorney Geronimo, 5.5 hours for Attorney Coulter, and 7 hours for Attorney Gerber. After multiplying those hours by the reasonable hourly rates of each attorney, the attorney fee award is $9,775.

8

*2. Hours After Rule 68 Offer of Judgment*

Plaintiff requests fees incurred while litigating the fee award. (ECF No. 20, PageID #184). Plaintiff argues that the Offer of Judgment does not preclude him from recovering fees for the fee litigation. (*Id*. at PageID #185). Defendants respond that the offer of judgment sets the cut-off for fees and costs as of the date of the offer, so Plaintiff should not be awarded any fees for hours after January 24, 2024. (ECF No. 22, PageID #313–14). Plaintiff replies that, to the extent there is any ambiguity in the offer language, the offer should be construed against the drafter. (ECF No. 23, PageID #497).

The offer of judgment states, "[t]he Offered Sum is exclusive of any reasonable attorneys' fees, expenses, and costs to the date of this offer for Plaintiff's claims. The reasonableness and appropriate amount of any claimed costs and attorneys' fees will be determined by the Court in a hearing after acceptance of this Offer of Judgment by Plaintiff." (ECF No. 16, PageID #153). The offer is dated January 23, 2024. (*Id*. at PageID #155).

The offer language unambiguously identifies the amount of reasonable fees, expenses, and costs incurred as of the date of the offer as the only remaining contested issue in the case. Otherwise, the included language of "to the date of this offer" holds no meaning. Thus, Plaintiff cannot recover for fees or costs incurred because of this fee litigation.

## IV. CONCLUSION

It is uncontested that Plaintiff shall be awarded his $405 filing fee. (ECF No. 22, PageID #289). Plaintiff's motion for attorney fees and costs is **GRANTED** in part and **DENIED** in part. (ECF No. 20). The Court awards attorney fees in the sum of $9,775 and costs in the sum of $405, for a total of $10,180.

**IT IS SO ORDERED.**

**Date: March 31, 2025**

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　**CHARLES E. FLEMING**
　　　　　　　　　　　　　　　　　　　　　　　**U.S. DISTRICT COURT JUDGE**